[Civ. No. 2190. Third Appellate District.—December 3, 1920.]

## IVAN H. PARKER, Appellant, v. PACIFIC GAS & ELECTRIC COMPANY (a Corporation), et al., Respondents.

[1] INJUNCTIONS — DENIAL PENDENTE LITE — DISCRETION OF TRIAL COURT.—In an action for an injunction, the granting or refusing of an injunction *pendente lite* is a matter resting largely in the discretion of the trial court; and where it appears that the damages, if any, which the plaintiff might incur pending the trial of the action will be negligible, and will be only monetary and capable of ascertainment, and it is not shown that the defendants are insolvent, the denial of an injunction *pendente lite* is not an abuse of discretion.

APPEAL from an order of the Superior Court of Placer County denying injunction *pendente lite*. J. E. Prewett, Judge. Affirmed.

The facts are stated in the opinion of the court.

Arthur C. Lowell for Appellant.

Thos. J. Straub, Wm. B. Bosley and John M. Fulweiler for Respondents.

1. What is irreparable injury within the meaning of the law, note, 1 Am. St. Rep. 374.

PLUMMER, P. J., *pro tem.*—Action for an injunction and restraining order *pendente lite.*

It appears from the allegations of the complaint that the plaintiff is the owner of 120 acres of land situate in Placer County; that Bear River, a natural watercourse, flows through said land; that at the time of the commencement of this action the defendant was constructing a concrete settling reservoir in and near the channel of said river, at the head of a certain canal theretofore constructed by the defendants; that the dam and settling reservoir maintained and being constructed by the defendants are situate some six miles upstream from the lands belonging to the plaintiff; that for a considerable period of time the defendants have caused to flow down the channel of Bear River to the head of said canal, and there divert into its said canal, about 14,000 inches of water; that the waters flowing down said Bear River carry quantities of sand, gravel, and other debris; that in order to prevent such sand, gravel, and debris from entering said canal, defendants intend to operate said settling reservoir by collecting therein, and filling the same with water, soil, sand, gravel, and debris, and then opening the gates in said settling reservoir and discharging the contents thereof in the largest possible volume, to wit, in a stream of more than 50,000 inches, into the channel of said Bear River, and thence down and upon and over the property belonging to the plaintiff.

The application for an injunction *pendente lite* was heard upon the verified complaint filed by the plaintiff, and three affidavits filed by the defendants. After the hearing of such application, the trial court made and entered its order denying the plaintiff's application for a temporary injunction. From this order plaintiff appeals.

It appears from the pleadings and affidavits that the defendant Pacific Gas and Electric Company is a public service corporation, furnishing light and power to various cities and towns, and also supplying a large area of farming lands with water for irrigation purposes. It likewise appears that the plaintiff's land is valuable chiefly for the mineral deposits contained therein; that it lies, in large part, along the beds and banks of said river, and is covered with sand, boulders, and other material usually found in such sections of the country. No reasons are assigned in the order deny-

ing the application for a temporary injunction which have necessitated a careful reading of the pleadings and affidavits upon which the hearing was had. The learned trial court, however, filed an opinion which has been set out in the briefs, and sets forth in very concise language the conclusion at which we have arrived, and we therefore adopt the opinion of the trial court as herein, to wit: "In truth, the affidavits tend to show that the lands crossed by the flowing water constitute the bed and banks of Bear River. It further appears that this bed and these banks consist largely of sand, gravel, and boulders, having little or no value, save for the minerals contained in them; hence the actual injury to the premises, pending the trial of the suit, may be eliminated as negligible. The real and only persuasive ground for a preliminary injunction is the claim that, if the defendant once commenced the public use, then it could no longer be enjoined. But it has been discharging this water into Bear River for several years, and the court is compelled to recognize this fact. There is, however, another view to this matter. The plaintiff will not suffer any actual injury pending the trial of this action (by this is meant actual money damage to property), while, on the other hand, an injunction that would tie up the source of water supply for large areas of the country would work irreparable injury."

It is true that the complaint alleges that the plaintiff's damages would be irreparable, but there is no showing that the defendants are insolvent, or unable to respond in damages. The burden of the argument appears to be, as stated by the trial court, that if once the use of the reservoir were begun, an injunction would not lie.

We do not well see how plaintiff's application for a permanent injunction would be affected by the ruling of the trial court upon his application for a restraining order *pendente lite,* as his rights, if any, would be ascertained as of that date. The purpose of a restraining order *pendente lite* is ordinarily to prevent monetary loss for damage to the injured party. In this case the opinion of the trial court, with which we agree, shows that the monetary loss, if any, would be negligible, and that if any such should occur the defendants are able to respond in damages, and there is no showing that such damages could not be readily ascertained.

The argument of counsel has been directed almost entirely to the right of the plaintiff to a permanent injunction upon the final hearing of the action. As we view the matter, it is not necessary, and would be improper, to express any opinion at this time upon the merits of the case. Unless an abuse of discretion has been shown, the action of the trial court must be upheld.

In *Williams* v. *Los Angeles Ry. Co.*, 150 Cal. 592, [89 Pac. 330], Justice Shaw states the law in the following concise language: "The question of granting or refusing an application for a temporary injunction is addressed to the sound discretion of the lower court, and its action will not be reversed upon appeal unless there appears to be an abuse of discretion. If the damage or injury threatened is of a character which may be easily remedied if the injunction is refused, as where it is chiefly monetary damage and the defendant is solvent, the court in its discretion may refuse to issue an injunction, but leave the question to be decided upon the final hearing. (Citing a number of cases.) Where one or the other of the parties is to suffer by the granting or refusing of an injunction pending the action, the inconvenience likely to be incurred by each from the action of the court in granting or refusing a temporary injunction should be balanced, and the court should grant or withhold the injunction accordingly."

In *Piper* v. *Hawley*, 179 Cal. 10, [175 Pac. 417], the supreme court of this state again disposes of this question, as follows: "It would be superfluous to cite authorities to show that the granting or refusing of a preliminary injunction is a matter resting largely in the discretion of the trial court. Where there is a substantial conflict in the evidence regarding an issue which may affect the discretion of the court in passing upon the application for such injunction, the order made will not, on appeal, be overthrown merely because there may be considerable, or even preponderating evidence which, if believed, would have led to a contrary conclusion. The granting or denial of a preliminary injunction does not amount to an adjudication of the ultimate rights in controversy. It merely determines that the court, balancing the respective equities of the parties, concludes that, pending the trial on the merits, the defendant should

or that he should not be restrained from exercising the rights claimed by him."

[1] All the authorities having to do with the granting or refusal of an injunction *pendente lite* are to the same effect, and do not require citation.

From the fact that the defendants in this case are not shown to be insolvent, and from the further fact that there is nothing in the record from which this court could come to a conclusion that the trial court abused its discretion and was erroneous in its conclusion that the damages, if any, which the plaintiff might incur pending the trial of this action would be negligible, would be only monetary and capable of ascertainment, it is apparent that the order of the trial court herein should be, and the same is, hereby affirmed.

Burnett, J., and Hart, J., concurred.